**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 13 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

DAVID R. KIDWELL,

      Plaintiff-Appellant,

v.

SHAWNEE COUNTY BOARD OF
COUNTY COMMISSIONERS,

      Defendant-Appellee.

No. 98-3298
(D.C. No. 96-CV-4112)
(D. Kan.)

ORDER AND JUDGMENT *

Before **ANDERSON** and **KELLY** , Circuit Judges, and **BROWN** ,** Senior
District Judge.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\*     Honorable Wesley E. Brown, Senior District Judge, United States District
Court for the District of Kansas, sitting by designation.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff appeals from the district court's grant of summary judgment in favor of defendant on his claims under the Americans with Disabilities Act (ADA), Title VII for reverse race discrimination, the Family Medical Leave Act (FMLA), and for retaliatory discharge in light of his worker's compensation claim. In his *pro se* brief on appeal, plaintiff identifies the issue in this appeal as the denial of a fair and just process because "[t]his case was not presented." Appellant's Br. at 3. He alleges no specific points of error by the district court. For purposes of this appeal, we will assume that plaintiff appeals the district court's summary judgment on his ADA, FMLA, and retaliatory discharge claims. [1]

We review the district court's grant of summary judgment *de novo*, and we apply the legal standard set forth in Fed. R. Civ. P. 56(c), just as the district court did. *See Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir. 1996). That rule dictates that summary judgment is appropriate if there is no question regarding a material fact and the moving party is entitled to judgment as a matter of law. Fed. R. C.V. P. 56(c).

---

[1] Plaintiff conceded that summary judgment was proper on his claim of reverse race discrimination, so we do not consider that claim on appeal. *See* R. Vol. I, tab 97 at 19.

After examining the record, we are convinced that the district court's disposition was correct. The district court entered a thorough memorandum and order containing a detailed analysis on the relevant claims. We cannot add anything to improve upon the district court's well-reasoned opinion, and, therefore, we affirm the grant of summary judgment for the reasons stated by the district court in its September 22, 1998 memorandum and order.

AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


Stephen H. Anderson
Circuit Judge